UNITED STATES of America

v.

John Gary BROOKS, Appellant in
No. 71-1362,
and
Charles Hefton.

Appeal of Charles HEFTON, in
No. 71-1363.

Nos. 71-1362, 71-1363.

United States Court of Appeals,
Third Circuit.

Argued Sept. 21, 1971.

Decided Oct. 6, 1971.

William J. Taylor, III, Wilmington,
Del., for John Gary Brooks.

Michael P. Maguire, Czajkowski &
Maguire, Wilmington, Del., for Charles
Hefton.

F. L. Peter Stone, U. S. Atty., Wilmington, Del., for appellee.

Before VAN DUSEN, ALDISERT
and GIBBONS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Defendants appeal from a conviction
on charges of possession of two submachine guns, which had been transferred
in violation of 26 U.S.C. §§ 5811 and
5812 (1970) and which had not been
registered as required by 26 U.S.C. §
5841 (1970). They advance two contentions on appeal.

First, appellants contend that
the dangers of self incrimination, to

which the Supreme Court referred in Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), have not been eliminated by the immunity provisions added to the National Firearms Act by the 1968 Amendments. Act of Oct. 22, 1968, Pub.L. No. 90–618, Tit. II, § 201, Oct. 22, 82 Stat. 1232; 26 U. S.C. § 5848 (1970). This is so, they contend, because the immunity provision applies only to violations of law occurring prior to or concurrently with the filing of the application for registration. Consequently, prior registration may incriminate with respect to future violations of state law. This contention has been rejected by the Supreme Court. In Justice Douglas' words:

"Appellees' argument assumes the existence of a periphery of the Self-Incrimination Clause which protects a person against incrimination not only against past or present transgressions but which supplies insulation for a career of crime about to be launched. We cannot give the Self-Incrimination Clause such an expansive interpretation." United States v. Freed, 401 U. S. 601, 606, 91 S.Ct. 1112, 1117, 28 L. Ed.2d 356 (1971).

Next appellants contend that the machine guns received in evidence against them were the fruits of an illegal, warrantless search and should have been suppressed. Appellants were stopped by a traffic policeman for a speeding violation shortly after they drove from the toll plaza of the Delaware Memorial Bridge. The officer observed a gun grease box in the jacket pocket of one of the appellants, and a chrome ammunition clip protruding from the rear of the front seat on the passenger side in plain view. The officer, a former marine, immediately recognized the clip as a magazine for a high caliber automatic weapon. The officer then asked the appellant Brooks, the driver, to open the trunk of the car. This was done, and the officer found in that trunk an ammunition canister and a Soviet submachine gun. The possession of the machine gun in Delaware is a felony. 11 Del.C. § 465 (1953). At this point the officer removed appellant Heston, the passenger, from the car, placed both under arrest and radioed for assistance. A second officer arrived, searched the inside of the car and found part of a Thompson submachine gun under the front seat. The other parts of the Thompson submachine gun were found in a suitcase in the rear seat of the vehicle on the passenger side.

██ Following a pre-trial suppression hearing which developed the aforesaid facts the attorneys for appellants, by a letter to the district court, withdrew their suppression motion, conceding that the evidence did not disclose any illegality in the search conducted by the two traffic officers. At the trial, however, armed with the testimony at the suppression hearing and having had the opportunity to make observations and measurements of the area between the bridge toll plaza and the place where the appellants were apprehended, the attorneys for the defendants subjected the arresting officer to a vigorous cross examination the object of which was to suggest that the initial arrest was not for a traffic infraction, but for some undisclosed purpose. This effort was unsuccessful, and the district court properly refused to grant a renewed suppression motion. On appeal, the appellants would have us resolve all credibility issues against the arresting officer, disregard his unequivocal testimony that a traffic infraction was the reason for the original arrest, and speculate that the search was not the result of a fortuitous discovery that a felony was being committed in the officers' presence. This we cannot do.

The judgment of the district court will be affirmed.